EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Oficina del Comisionado de Seguros de Puerto Rico<br><br>Apelada<br><br>vs.<br><br>Integrand Assurance Company<br><br>Apelante<br><br>Carpets & Rugs Warehouse Inc. y Carpet Mart, Inc.<br><br>Interventores | Certiorari<br><br>2008 TSPR 94<br><br>174 DPR _____ |

Número del Caso: AC-2007-14, cons. AC-2007-17 y AC-2007-18

Fecha: 22 de mayo de 2008

**AC-2007-14**

Tribunal de Apelaciones:
             Región Judicial de San Juan, Panel IV

Juez Ponente:
             Hon. Guillermo Arbona Lago

Abogado de la Parte Apelante:
             Lcdo. Carlos R. Iguina Oharriz

Abogada de la Parte Apelada:
             Lcda. Brenda N. Pérez Fernández

Oficina del Procurador General
             Lcdo. Luis José Torres Asencio
             Procurador General Auxiliar

Abogado de la Parte Interventora:
             Lcdo. Juan A. Moldes Rodríguez

**AC-2007-17**

Tribunal de Apelaciones:
             Región Judicial de San Juan, Panel I

Juez Ponente:
             Hon. Luis Roberto Piñero González

Abogado de la Parte Apelante:
             Lcdo. Luis Ramón Ortiz Segura

Abogado de la Parte Apelada:
             Lcdo. David J. Castro Anaya

Oficina del Procurador General
            Lcdo. Luis José Torres Asencio
            Procurador General Auxiliar

Abogado de la Parte Interventora:
            Lcdo. Juan A. Moldes Rodríguez

**AC-2007-18**

Tribunal de Apelaciones:
            Región Judicial de San Juan, Panel III

Juez Ponente:
            Hon. Néstor Aponte Hernández

Oficina del Procurador General
            Lcdo. Luis José Torres Asencio
            Procurador General Auxiliar

Abogado de la Parte Interventora:
            Lcdo. Juan A. Moldes Rodríguez

Materia: Revisión Administrativa Procedente del Comisionado de Seguros de P.R.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Oficina del Comisionado de Seguros de Puerto Rico<br><br>      Apelada<br><br>Integrand Assurance Company<br><br>      Apelante<br><br>        v.<br><br>Carpets & Rugs Warehouse Inc. y Carpet Mart, Inc.<br><br>      Interventores | AC-2007-14<br>cons.<br>AC-2007-17<br>AC-2007-18 |

Opinión del Tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 22 de mayo de 2008

Nos corresponde interpretar el Artículo 2.220 del Código de Seguros, a los fines de determinar si la Oficina del Comisionado de Seguros (OCS) viene obligada a celebrar una vista cuando una parte afectada por una orden previamente emitida por el Comisionado así la solicita.

Veamos los hechos particulares de los casos que se encuentran ante nuestra consideración, los cuales fueron consolidados por presentar una idéntica controversia.

**I**

**A**

**Oficina del Comisionado de Seguros v. Integrand Assurance Company, AC-2007-14**

Carpets & Rugs Warehouses Inc. y Carpet Mart Inc. (Carpets) adquirieron una póliza comercial de Integrand

Assurance Company (Integrand) para cubrir los daños que pudiera sufrir un edificio comercial localizado en el sector industrial Santa Rosa en Bayamón, Puerto Rico. En la madrugada del 18 de octubre de 2004, ocurrió un incendio en el referido edificio.

A raíz del incendio, Carpets presentó una reclamación ante su aseguradora, Integrand, en la cual incluyó, entre otras cosas, una partida de trescientos mil ($300,000) dólares por la pérdida de rentas. Integrand cursó a Carpets una oferta transaccional y ofreció los trescientos mil ($300,000) dólares por la pérdida de rentas según expuesto en la reclamación. Sin embargo, respecto a las demás partidas, ofreció cantidades diferentes a las reclamadas. El 19 de abril de 2005, Carpets aceptó la oferta de pago de trescientos mil ($300,000) dólares en concepto de pérdida de rentas, y no aceptó lo ofrecido para las demás partidas.

Luego de varios requerimientos de pago, el 10 de octubre de 2005, Carpets presentó ante la OCS una solicitud de investigación contra Integrand, por considerar que ésta no había atendido adecuadamente su reclamación. La OCS cursó a Integrand una notificación de investigación. Luego de la contestación de Integrand, la OCS determinó que Integrand había infringido los artículos 27.161 y 27.162 del Código de Seguros, 26 L.P.R.A. secs. 2716a y 2716b, y la Carta Normativa N-I-4-52-2004, por lo que le impuso una multa administrativa de veinte mil ($20,000) dólares.

Integrand solicitó una vista administrativa. Por su parte, la representación legal de la OCS presentó una solicitud de resolución sumaria. Integrand se opuso por entender que el Artículo 2.220 del Código de Seguros, 26 L.P.R.A. sec. 222, obliga a la OCS a celebrar una vista en su fondo en todas aquellas instancias en que cualquier persona perjudicada por una orden del Comisionado la solicite. Añadió que existían hechos en controversia, por lo que no procedía la adjudicación sumaria.

Finalmente, la OCS confirmó la imposición de la multa mediante resolución sumaria. Concluyó que la aseguradora no había controvertido los hechos materiales expuestos por la OCS, a pesar de habérsele concedido amplia oportunidad para ello.

Inconforme, Integrand acudió al Tribunal de Apelaciones y alegó, en lo pertinente, que la OCS había errado al resolver a través del mecanismo sumario, pues según dispuesto en el Artículo 2.220 del Código de Seguros, existe un derecho estatutario a vista en estos casos. Alegó además, que la OCS había errado al concluir que Integrand había incurrido en violación al Artículo 27.162 del Código de Seguros. El Tribunal de Apelaciones confirmó la resolución administrativa. Determinó que resultaba innecesaria la celebración de una vista pues de los autos surgía que no existía controversia en cuanto a ningún hecho material.

De esta determinación, Integrand acudió ante nosotros reiterando sus planteamientos ante el foro apelativo

intermedio de que tenía un derecho establecido en ley a que se celebrara una vista administrativa.

**B**

**Comisionado de Seguros de Puerto Rico v. American International Insurance Company, AC-2007-17**

La estudiante Rosanna Ramón Santos sufrió una caída en el Colegio Universitario de Humacao, a raíz de la cual se presentó una reclamación contra la Universidad de Puerto Rico. American Internacional Insurance Company of Puerto Rico (AIICO) mantenía una póliza de responsabilidad civil asegurando a la Universidad. El 26 de agosto de 1999, Underwriters Adjustment Company Inc., que fungía como ajustadora de AIICO, denegó la reclamación de Ramón Santos por entender que los daños reclamados no ocurrieron por actos negligentes de la Universidad. Posteriormente, la señora Carmen R. Santos González, madre de Ramón Santos, solicitó la intervención de la OCS en cuanto a la reclamación en cuestión.

El 19 de julio de 2005, la OCS expidió una orden contra AIICO y Underwriters Adjustment Company Inc., en la cual le impuso una multa de mil ($1,000) dólares a cada una por no haber resuelto la reclamación dentro del término dispuesto en ley. Las compañías presentaron una solicitud de reconsideración y vista. La vista solicitada se pautó. Por su parte, la OCS presentó una moción solicitando que se adjudicase el caso por la vía sumaria, pues no existía controversia sobre los hechos materiales.

La OCS emitió una resolución dejando sin efecto el señalamiento de vista y concedió un plazo de veinte (20) días a las compañías para que presentaran su oposición a la solicitud de resolución sumaria. En su oposición, las compañías se limitaron a plantear que el mecanismo sumario no estaba disponible para resolver este tipo de caso. Arguyeron, que el Artículo 2.220 del Código de Seguros otorga el derecho absoluto a una vista a toda persona perjudicada por una orden del Comisionado.

La OCS concedió un término adicional para que las compañías se opusieran a los méritos de la solicitud de resolución sumaria. Las compañías presentaron una moción de reconsideración de la resolución interlocutoria en la que sólo incluyeron un escueto listado de hechos alegadamente en controversia, y reiteraron su derecho a que se celebrara una vista. La OCS dictó una resolución sumaria en la que confirmó la multa impuesta por entender que no se habían controvertido los hechos incluidos en la moción solicitando que se adjudicase el caso por vía sumaria.

Ante tal proceder, AIICO presentó un recurso de revisión en el Tribunal de Apelaciones. En el mismo, alegó que había errado la OCS al resolver sumariamente el caso, privándola así de su derecho a una vista administrativa. El foro intermedio confirmó la resolución recurrida, por entender que AIICO no controvirtió los hechos expuestos en la solicitud de resolución sumaria.

Inconforme, AIICO acudió ante nosotros. Alegó que erró el Tribunal de Apelaciones al resolver que la OCS podía dictar su resolución de forma sumaria. En la alternativa, alegó que existían hechos en controversia, por lo que no procedía resolver sumariamente.

**C**

**Oficina del Comisionado de Seguros v. American Internacional Insurance Company, AC-2007-18**

Mediante una carta con fecha del 22 de febrero de 2003, el licenciado Edgardo Santiago Lloréns le notificó a AIICO, compañía aseguradora del Recinto Metropolitano de la Universidad Interamericana de Puerto Rico, de un accidente sufrido por la señorita Jessica Rivera Cartagena en la referida universidad. Mientras esperaba respuesta, Rivera Cartagena presentó una demanda de daños contra la universidad y AIICO.[1]

El 1 de agosto de 2003, más de un (1) año después de enviada la carta a la aseguradora notificando el accidente, el licenciado Santiago Lloréns cursó una comunicación al Comisionado de Seguros indicándole que hasta ese momento no había recibido ninguna respuesta respecto a la reclamación en cuestión. Dicha comunicación dio inicio a una investigación de la OCS.

El 10 de octubre de 2005, la OCS emitió una orden imponiéndole a AIICO una multa administrativa de mil quinientos ($1,500) dólares por no haber resuelto la

---

[1] El pleito fue adjudicado mediante Sentencia por transacción el 17 de diciembre de 2004.

reclamación dentro del término dispuesto en ley y por haber divulgado información falsa respecto al negocio de seguros. AIICO presentó una moción de reconsideración y solicitud de vista. A raíz de la petición, se señaló la vista solicitada. Posteriormente, la OCS solicitó que se adjudicase el caso mediante el mecanismo de resolución sumaria. Ante esta petición, se dejó sin efecto el señalamiento de vista y se le concedió un término a AIICO para oponerse a la solicitud de resolución sumaria.

En su oposición, AIICO alegó que según lo dispuesto en el Artículo 2.220 del Código de Seguros no se podía adjudicar el caso por la vía sumaria. Además, señaló que existían hechos materiales en controversia, lo que también impedía la adjudicación sumaria. No obstante, la aseguradora no presentó prueba alguna para sostener la existencia de los alegados hechos en controversia. La OCS dictó resolución sumaria confirmando la multa impuesta a AIICO.

AIICO acudió al Tribunal de Apelaciones mediante un recurso de revisión en el que alegó que erró la OCS al resolver sumariamente el caso, privando a la aseguradora de su derecho a una vista administrativa. El foro intermedio revocó la resolución recurrida. Explicó, que el Artículo 2.220 del Código de Seguros obliga al Comisionado de Seguros a celebrar una vista cuando la parte afectada por una orden así lo solicita. Añadió que, de todas formas, existía una controversia relacionada con la fecha en que se recibió la reclamación, por lo que no procedía resolver sumariamente.

De esta determinación la OCS, por conducto del Procurador General, acudió ante nosotros. Señaló que había errado el Tribunal de Apelaciones al concluir que el Artículo 2.220 del Código de Seguros obliga a la OCS a celebrar las vistas administrativas allí dispuestas siempre que las personas perjudicadas así lo soliciten. Alegó además, que los hechos materiales del caso no estaban en controversia.

El 16 de marzo de 2007, acogimos los tres recursos como *certiorari* y los consolidamos. Estando en posición de resolver, pasamos a así hacerlo.

## II

### A

La controversia que debemos resolver es, en primer turno, si la OCS está obligada o no a celebrar una vista administrativa cuando una parte afectada por una orden del Comisionado de Seguros así lo solicite. Las compañías aseguradoras arguyen que el Artículo 2.220 del Código de Seguros establece que es obligatorio celebrarlas una vez se solicitan. De otra parte, la OCS alega que, leído correctamente ese mismo artículo, se debe concluir que, celebrar la vista o no es un asunto netamente discrecional y no obligatorio. Nos corresponde entonces interpretar el alcance del Arículo 2.220. *Pueblo v. Ortega Santiago,* 125 D.P.R. 203, 214 (1990); *Pueblo v. De Jesús Delgado*, 155 D.P.R. 930, 941 (2001); *Alonso García v. S.L.G.*, 155 D.P.R. 91, 99 (2001). En esta gestión debemos regirnos por las normas generales aplicables a la interpretación de las leyes.

Es norma establecida que "al interpretar y aplicar un estatuto hay que hacerlo teniendo presente el propósito social que lo inspiró." *Col. Ópticos P.R. v. Pearle Vision Center*, 142 D.P.R. 221, 228 (1997); *Departamento de Hacienda v. Telefónica Larga Distancia y otros*, res. 17 de marzo de 2005, 163 D.P.R. ___, 2005 T.S.P.R. 32; *Departamento de Estado v. Unión General de Trabajadores*, res. 13 de febrero de 2008, 173 D.P.R. ___, 2008 T.S.P.R. 23; *Morales v. Adm. Sistemas de Retiro,* 123 D.P.R. 589, 595 (1989). Por tanto, la interpretación que se le dé al estatuto debe ser la que mejor responda a los propósitos que persigue. *Departamento de Hacienda v. Telefónica Larga Distancia y otros, supra.*

Igualmente, "[d]ebemos interpretar la ley como un ente armónico, dándole sentido lógico a sus diferentes secciones, supliendo las posibles deficiencias cuando esto fuera necesario." *Departamento de Hacienda v. Telefónica Larga Distancia y otros, supra*; *Zambrana Maldonado v. E.L.A.*, 129 D.P.R. 740, 749 (1992). Siendo así, cuando existan disposiciones dudosas en un estatuto, éstas deben interpretarse a la luz de las demás disposiciones y atribuirles el sentido que resulte del conjunto de todas. *Departamento de Hacienda v. Telefónica Larga Distancia y otros, supra.*

En el ámbito particular del derecho administrativo la interpretación que haga una agencia del estatuto que administra merece deferencia de los tribunales. *Vázquez v.*

*A.R.P.E.*, 128 D.P.R. 513, 523-524 (1991); *P.R.T.C. v. J. Reg. Tel. de P.R.*, 151 D.P.R. 269, 282 (2000).

A la luz de los criterios esbozados, examinemos las disposiciones legales aplicables a esta controversia.

**B**

El Artículo 2.220 del Código de Seguros rige todo lo concerniente al proceso de vistas en los procedimientos administrativos que se ventilan ante la Oficina del Comisionado de Seguros. El artículo dispone:

(1) El Comisionado celebrará las siguientes:

(a) Vistas requeridas por disposición de este título.
(b) Vistas consideradas necesarias por el Comisionado para fines que caigan dentro del alcance de este título.
(c) Vistas solicitadas por cualquier persona perjudicada por algún acto, amenaza de acto, informe, promulgación, regla, reglamento u orden del Comisionado.

(2) Toda solicitud para una vista deberá ser por escrito, deberá especificar los extremos en que la persona que la solicita ha sido perjudicada y los fundamentos en que habrá de basar su solicitud. El Comisionado celebrará la vista así solicitada dentro de sesenta días después de recibir la solicitud, a menos que se posponga de común acuerdo.

26 L.P.R.A. sec. 222.

Integrand alega que la palabra "celebrará", contenida en el enunciado general del artículo implica que la OCS está obligada a celebrar una vista siempre que una parte perjudicada por alguna actuación del Comisionado la solicite, conforme se autoriza en el inciso (c) del Artículo 2.220. No estamos de acuerdo.

Al interpretar el enunciado general de este artículo, lo debemos hacer en armonía con las disposiciones de los incisos posteriores. Por eso, aun cuando el enunciado general establece que el Comisionado "celebrará las siguientes" vistas, lo que parece ser un mandato, una vez evaluada esta disposición en conjunto con los incisos posteriores que la modifican, advertimos que lo que parecía ser obligatorio, no lo es. Nos explicamos.

En primer lugar, el inciso 1(a) del Artículo 2.220 regula las "vistas requeridas" por disposición del Código de Seguros. Este inciso hace obligatoria la celebración de una vista cuando alguna disposición del Código de Seguros ordena celebrar vistas. Dicho inciso claramente alude a vistas "requeridas" por el estatuto. Adviértase sin embargo, que es el adjetivo "requeridas" contenido en el inciso 1(a) el que establece la obligatoriedad de la celebración de dichas vistas, y no la palabra "celebrará" contenida en el enunciado general.

Por otro lado, las vistas a las que se refiere el inciso 1(b) son discrecionales. Lo que disipa las dudas en cuanto a la discreción del Comisionado para celebrarlas es que el inciso particular establece claramente que se refiere a las vistas "consideradas necesarias por el Comisionado".

En otras palabras, los incisos (a) y (b) del Artículo 2.220 regulan dos clases de vistas. La primera (Artículo 2.220 (a)) es una vista de carácter obligatorio ordenada por

el propio Código de Seguros en otras de sus disposiciones.[2] El segundo tipo de vistas (Artículo 2.220 (b)), es una vista discrecional, cuya celebración dependerá de la determinación que haga el propio Comisionado sobre si es o no conveniente llevarla a cabo. La celebración de estas vistas se enmarca en el ejercicio de la discreción de este funcionario.

De acuerdo con lo anterior, resulta incorrecto utilizar la palabra "celebrará", incluida en el enunciado general del Artículo 2.220, para resolver si las vistas a las que se refiere el inciso 1(c) son o no obligatorias. Como vimos, dicho enunciado también complementa los dos incisos anteriores que se refieren tanto a vistas requeridas como a vistas discrecionales. Examinemos entonces el contenido de los incisos 1(c) y 2 del precitado artículo, los cuales regulan las vistas solicitadas por cualquier persona perjudicada por algún acto del Comisionado de Seguros.

El inciso 1(c) del Artículo 2.220 regula la celebración de las vistas solicitadas por cualquier persona perjudicada por algún acto, amenaza de acto, informe, promulgación, regla, reglamento u orden del Comisionado, mientras el inciso 2 establece la forma en que se debe hacer dicha solicitud de vista. Particularmente, este último dispone que la solicitud de vista "deberá especificar los extremos en que la persona que la solicita ha sido perjudicada y los fundamentos en que habrá de basar su solicitud."

---

[2] Véase a modo de ejemplo el Artículo 12.220 (4) del Código de Seguros, 26 L.P.R.A. sec. 1222(4).

El requisito de fundamentar la solicitud de vista, es un requisito de forma. Sin embargo, los requisitos de forma también tienen una razón de ser. No tendría ningún sentido exigir que se fundamente la solicitud de vista si los fundamentos para solicitarla son irrelevantes para la concesión de la misma. Ello equivaldría a interpretar que el legislador arbitrariamente impuso un escollo a la parte que solicita una vista. *Véase,* R. E. Bernier y J. A. Cuevas Segarra, *Aprobación e Interpretación de la Leyes en Puerto Rico*, Segunda edición, San Juan, Puerto Rico, Publicaciones J.T.S., 1987, Capítulo 44, pág. 316. ("Todo lo que ha dicho [el legislador] ha sido por alguna razón y a todo lo que ha expresado debe dársele efecto…. Siempre tiene que haber una razón que ha tenido el legislador para aprobar cada una de las disposiciones de la ley.") Es por esto que coincidimos con la posición del Procurador General en cuanto a que, el hecho de que la solicitud de vista deba estar fundamentada es indicativo de que el Comisionado tiene discreción para denegarla si considera que, a base de los fundamentos expuestos en la solicitud no hay razón para concederla.

Por otra parte, resulta importante aclarar que al indicarse en el inciso 2 que "[e]l Comisionado celebrará la vista así solicitada dentro de sesenta días después de recibir la solicitud, a menos que se posponga de común acuerdo", lo que se persigue es establecer el término dentro del cual el Comisionado debe celebrar la vista una vez concedida, sin mas.

Para sustentar su posición, el Procurador nos refiere al Artículo 2.260 del Código de Seguros. Este artículo establece que "[l]a apelación procederá únicamente contra una resolución del Comisionado emitida en un asunto en el que se hubiere concedido vista, o de una orden del Comisionado denegando la vista." Continúa diciendo, "[c]ualquier persona perjudicada por tal resolución u orden del Comisionado podrá apelar de la misma…". El Procurador arguye que de esta disposición surge que el Comisionado de Seguros tiene discreción para denegar las vistas solicitadas. Tiene razón.

No se puede denegar algo que no se ha solicitado. Por lo tanto, una orden del Comisionado "denegando" la vista, implica que ha mediado una solicitud de vista. Como dijimos anteriormente, los incisos 1(c) y 2 son los que regulan las vistas solicitadas por una parte. El inciso 1(c) regula las vistas solicitadas por cualquier persona perjudicada por algún acto, amenaza de acto, informe, promulgación, regla, reglamento u orden del Comisionado. Nótese que se incluyen todas las instancias en las que una parte puede solicitar una vista. Por lo tanto, el derecho otorgado por el Artículo 2.260 de apelar una orden del Comisionado denegando la vista indudablemente se refiere a una vista solicitada al amparo del inciso 1(c) del Artículo 2.220. Bernier y Cuevas Segarra, *op cit.*, pág. 315. ("…deben interpretarse las diferentes secciones [de la ley], las unas en relación con las otras, completando o supliendo lo que falte o sea oscuro

en una con lo dispuesto en la otra, procurando siempre dar cumplimiento al propósito del legislador.").[3]

Somos del criterio que, cuando celebrar una vista suponga una dilación injustificada del proceso administrativo, el Comisionado de Seguros debe tener la autoridad para denegar la vista que se le ha solicitado. Éste debe tener flexibilidad para, sin perjuicio de los válidos reclamos instados ante su consideración, manejar y resolver los asuntos ante sí de la manera más expedita posible. De lo contrario, se dilata la pronta resolución de las controversias y se propende a incurrir en gastos adicionales injustificados. "La ley no puede permitir que se hagan cosas inútiles y vanas." *Celis Alquier v. Méndez*, 18 D.P.R. 88, 93 (1912). Además, "los tribunales deben evitar la interpretación de un estatuto que pueda conducir a resultados irrazonables o absurdos." *Díaz Marín v. Mun. de*

---

[3] Integrand alega que es obligatorio celebrar una vista según lo establecido en el Artículo 1(d) de la Regla I del Reglamento Promulgado de Acuerdo con el Artículo 2.040 del Código de Seguros de Puerto Rico, Reglamento de la Oficina del Comisionado de Seguros de Puerto Rico, Núm. 481 de 7 de enero de 1958, pág. 1. El referido artículo dispone:

> (d) Si el Comisionado decide que la querella procede, ordenará, conforme a lo dispuesto en el Código de Seguros de Puerto Rico, Artículo 2.220, la celebración de una vista y hará que un abogado de su oficina tramite dicha querella notificando con copia de la misma al querellado, a la parte que radicó la querella y a todas las partes directamente afectadas por dicha vista.

Claramente el Reglamento establece que las vistas se celebrarán conforme a lo establecido en el Artículo 2.220, por lo que el argumento de Integrand resulta inmeritorio.

*San Juan,* 117 D.P.R. 334, 342 (1986*)*. *Véase, Passalacqua v. Municipio de San Juan,* 116 D.P.R. 618, ___ (1985).

Por último, es preciso indicar, que esta interpretación de las disposiciones que gobiernan los procedimientos de vistas ante el Comisionado de Seguros es cónsona con la naturaleza flexible, ágil, sencilla, rápida y económica de los procedimientos administrativos. *Flores Concepción v. Taíno Motors Inc.,* res. 12 de julio de 2006, 168 D.P.R. ___, 2006 T.S.P.R. 120; *Hosp. Dr. Domínguez v. Ryde*r, 161 D.P.R. 341, 346 (2004). *Véase,* Bernier y Cuevas Segarra, *op cit.,* pág. 260. ("…a la hora de llevar a cabo la interpretación ha de atenerse a la valoración dominante en la sociedad del tiempo en que la ley ha de ser aplicada.") Con esta interpretación integradora de las distintas cláusulas del Artículo 2.220 propiciamos una interpretación armoniosa del artículo y consistente con la naturaleza del procedimiento administrativo.

**III**

**A**

Establecido lo anterior, nos corresponde evaluar si la OCS abusó de su discreción al denegar las vistas solicitadas en estos casos y confirmar las multas impuestas en los casos ante nuestra consideración. En esta función, nos guiaremos por los principios aplicables a la revisión judicial de decisiones administrativas.

Es norma reiterada que las decisiones de las agencias administrativas merecen gran deferencia de los foros

judiciales. *Empresas Ferrer Inc. v. A.R.P.E.*, res. 2 de octubre de 2007, 172 D.P.R. ___, 2007 T.S.P.R. 175; *Misión Ind. P.R. v. J.C.A.*, 145 D.P.R. 908, 929 (1998); *Otero Mercado v. Toyota de Puerto Rico,* res. 3 de febrero de 2005, 163 D.P.R. __, 2005 T.S.P.R. 8. "La revisión judicial de decisiones administrativas debe limitarse a determinar si la agencia actuó arbitraria o ilegalmente, o en forma tan irrazonable que su actuación constituye un abuso de discreción." *Rebollo v. Yiyi Motors,* 161 D.P.R. 69, 76 (2004); *Fuertes y otros v. A.R.P.E.*, 134 D.P.R. 947, 953 (1993); *Murphy Bernabe v. Tribunal Superior*, 103 D.P.R. 692, 699 (1975).

Procedemos entonces a exponer, en apretada síntesis, los hechos medulares de cada uno de los casos que demuestran que la OCS no abusó de su discreción al confirmar las multas impuestas mediante resolución sumaria.

**B**

En el caso AC-2007-14, el 5 de octubre de 2006, mediante resolución sumaria, la OCS confirmó la imposición de una multa de veinte mil ($20,000) dólares a Integrand por violación a los artículos 27.161 y 27.162 del Código de Seguros, los cuales dictan en lo pertinente:

Artículo 27.161

Prácticas desleales en el ajuste de reclamaciones

En el ajuste de reclamaciones ninguna persona incurrirá o llevará a cabo, cualquiera de las siguientes prácticas desleales:
….
(6) No intentar de buena fe de llevar a cabo un ajuste rápido, justo y equitativo de una

reclamación de la cual surja claramente la responsabilidad.

….

(12) Rehusar transigir rápidamente una reclamación cuando clara y razonablemente surge la responsabilidad bajo una porción de la cubierta, con el fin de inducir a una transacción bajo otra porción de la cubierta de la póliza.

Artículo 27.162

Término para la resolución de reclamaciones

(1) La investigación, ajuste y resolución de cualquier reclamación se hará en el período razonablemente más corto dentro de los primeros cuarenta y cinco (45) días después de haberse sometido al asegurador todos los documentos que fueren necesarios para disponer de dicha reclamación. Sólo cuando medien causas extraordinarias se podrá extender ese primer período, pero tal extensión nunca podrá exceder el término de noventa (90) días desde la fecha en que se sometió la reclamación. En aquellos casos en que el asegurador necesite un término adicional a los noventa (90) días, deberá así solicitarse por escrito al Comisionado veinte (20) días antes del vencimiento de dichos noventa (90) días, debiendo también notificarse de ello al reclamante. Si el Comisionado entendiera que la solicitud de tiempo adicional es irrazonable, sea porque la misma no está debidamente justificada o el tiempo adicional es excesivo, le notificará al asegurador que no procede dicha prórroga y que, por tanto, deberá disponer de la reclamación en el término reglamentario o dentro del término adicional que en dicha notificación se le concediera.

Artículo 27.161 del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 2716a y Artículo 27.162(1) del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 2716b, respectivamente.

No existe controversia en cuanto a que las aseguradas en este caso, desde el 19 de abril de 2005 habían aceptado el ofrecimiento de pago de una partida de trescientos mil ($300,000) dólares en concepto de pérdida de rentas, aun

cuando no había acuerdo respecto a las demás partidas reclamadas. No obstante, al momento de la orden inicial de la OCS imponiendo la multa, habían transcurrido más de trescientos treinta (330) días sin que Integrand hiciera el pago de esta partida, lo cual, sin más, constituye una violación a los precitados artículos 27.161 y 27.162.

Por otra parte, el Artículo 27.350 del Código de Seguros, 26 L.P.R.A. sec. 2735, establece que "[e]n adición [sic] a cualquier penalidad provista o en lugar de la misma, a cualquier persona que violare una disposición de este capítulo podrá imponérsele una multa administrativa que no excederá de diez mil (10,000) dólares." En virtud de lo anterior, la OCS no abusó de su discreción al confirmar mediante resolución sumaria la multa de veinte mil ($20,000) dólares impuesta a Integrand.

Finalmente, hay que destacar que Integrand tuvo amplia oportunidad de presentar sus argumentos mediante la contestación e impugnación a la investigación y el recurso de oposición a la solicitud de resolución sumaria, por lo que el procedimiento seguido en su contra no constituyó una violación a su debido proceso de ley. Por todo lo anterior, se confirma la sentencia emitida por el Tribunal de Apelaciones en el caso AC-2007-14, la cual confirmó a su vez la resolución sumaria de la OCS.[4]

---

[4] La OCS también encontró que Intengrand infringió lo establecido en la carta normativa N-I-4-52-2004. Sobre lo anterior, Integrand alegó en su recurso ante este foro que dicha carta constituye una regla interpretativa, por lo que no procedía una sanción en virtud de la misma. Por entender

**C**

En el caso AC-2007-17, el 19 de julio de 2005, la OCS expidió una orden contra AIICO y Underwriters Adjustment Company Inc., mediante la cual impuso una multa administrativa de mil ($1,000) dólares a cada una. En síntesis, la OCS determinó que las compañías se habían tardado cuatrocientos treinta (430) días en resolver una reclamación, en contravención a lo dispuesto en el precitado Artículo 27.162 (1) del Código de Seguros.

Posteriormente, la OCS presentó una solicitud de resolución sumaria. La oposición a la solicitud de resolución sumaria presentada por las compañías se circunscribió a argumentar que el mecanismo de resolución sumaria no estaba disponible en este procedimiento administrativo. Aun cuando se mencionó que existían hechos en controversia, no se indicó cuáles eran.

Luego de dictarse una resolución interlocutoria declarando no ha lugar la oposición a la solicitud de resolución sumaria, las compañías presentaron una solicitud de reconsideración en la cual se hace una escueta lista de los hechos en controversia. No obstante, ninguno de los hechos señalados por la aseguradora indica el periodo durante el cual la reclamación estuvo pendiente sin ser resuelta, lo que constituye el fundamento para la imposición de las multas. Con lo cual, no cabe hablar de que existía una

---

que la multa impuesta se sostiene en virtud de las violaciones a los artículos 27.161 y 27.162 del Código de Seguros, no entraremos a discutir dicho planteamiento.

controversia real sobre hechos materiales que impidieran la resolución sumaria del asunto ante la consideración de la Oficina del Comisionado de Seguros.

A base de lo anterior, debemos concluir que la OCS no abusó de su discreción al confirmar sumariamente la imposición de una multa de mil ($1,000) dólares a cada una de las compañías. Cabe destacar que en este caso las compañías tuvieron también amplia oportunidad de presentar sus argumentos, por lo que el procedimiento llevado en su contra tampoco constituyó una violación a su debido proceso de ley, como intiman. Siendo así, se confirma la sentencia emitida por el Tribunal de Apelaciones en el caso AC-2007-17, mediante la cual se confirmó la resolución sumaria de la OCS.

**D**

En el caso AC-2007-18, la OCS dictó una resolución sumaria en la que confirmó una multa de mil quinientos ($1,500) dólares impuesta a AIICO, también por violación al término para la resolución de reclamaciones establecido en el precitado Artículo 27.162(1) y por violación al Artículo 27.040(5) del Código de Seguros. Este último establece que:

> Ninguna persona hará o divulgará oralmente o de alguna otra manera ningún anuncio, información, asunto, declaración o cosa que:
> ….
> (5) Contenga una aseveración, representación o declaración falsa, falaz o engañosa con respecto al negocio de seguros o con respecto a una persona en el manejo de su negocio de seguros.

Artículo 27.040(5) del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 2704(5).

Como indicamos, AIICO acudió al Tribunal de Apelaciones mediante un recurso de revisión por estar inconforme con la determinación del Comisionado. El foro intermedio resolvió que el mecanismo de resolución sumaria no estaba disponible en las instancias en que una parte perjudicada por una orden del Comisionado solicita la celebración de una vista. Como ya señalamos, dicha determinación es errónea. Además, el Tribunal de Apelaciones resolvió que existía controversia en cuanto a si la carta enviada a la aseguradora para reclamar la compensación correspondiente, en efecto constituía una reclamación. Conforme con ello, ordenó que se celebrara una vista. De esta determinación acudió ante nosotros la OCS.

Surge del expediente que en la solicitud de extensión de término para resolver la reclamación presentada ante la OCS, la aseguradora indicó que la reclamación se recibió el 8 de julio de 2003, es decir, el día en que fue emplazada con copia de la demanda civil que había sido instada en su contra. Sin embargo, posteriormente, en la moción en cumplimiento de orden de investigación, la aseguradora **aceptó que recibió la reclamación el 27 de febrero de 2003.** A base de la discrepancia en las fechas de recibo de la reclamación, y tomando como cierta la fecha del 27 de febrero de 2003, según admitido por la propia aseguradora, la OCS emitió una orden en la que impuso a la aseguradora una multa de mil quinientos ($1,500) dólares por violaciones a los Artículos 27.162(1) y 27.040(5).

No fue sino hasta que presentó la moción de reconsideración de la orden y solicitud de vista ante la OCS, que AIICO alegó que la carta recibida el 27 de febrero de 2003 no constituía una reclamación formal que diera comienzo al término para la resolución de reclamaciones establecido en el Artículo 27.162(1). La carta fue incluida en la solicitud de resolución sumaria, lo que indica que la OCS la examinó y determinó que en efecto constituía una reclamación válida. Luego, en la oposición a que se dictara resolución sumaria, AIICO alegó que la reclamación se envió el 22 de febrero de 2003 y simplemente omitió la fecha del recibo de la misma. El lenguaje utilizado en la referida moción, indica que AIICO consideró la carta como una reclamación.

Según lo anterior, resulta forzoso concluir que la OCS no abusó de su discreción al confirmar sumariamente las multas impuestas por entender que la aseguradora violó el Artículo 27.040(5) al incluir información falsa en la solicitud de extensión de término y que ésta no cumplió con el término establecido en el Artículo 27.162(1) para la resolución de reclamaciones. En virtud de lo cual, procede revocar la sentencia emitida por el Tribunal de Apelaciones en el caso AC-2007-18 y reinstalar la resolución de la OCS.

Se dictará sentencia de conformidad.

Anabelle Rodríguez Rodríguez<br>
Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Oficina del Comisionado de Seguros de Puerto Rico<br><br>          Apelada<br><br>Integrand Assurance Company<br><br>          Apelante<br><br>                    v.<br><br>Carpets & Rugs Warehouse Inc. y Carpet Mart, Inc.<br><br>          Interventores | AC–2007–14<br>cons.<br>AC–2007–17<br>AC–2007–18 |

SENTENCIA

San Juan, Puerto Rico, a 22 de mayo 2008

Por los fundamentos expresados en la Opinión que antecede, los cuales se incorporan íntegramente a la presente, se dicta Sentencia confirmando las sentencias dictadas por el Tribunal de Apelaciones en los casos AC–2007–14 y AC–2007–17 y revocando la sentencia emitida por el Tribunal de Apelaciones en el caso AC–2007–18 y se reinstala la resolución de la Oficina del Comisionado de Seguros.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López disiente con opinión escrita. El Juez Asociado señor Rivera Pérez no intervino.


                    Aida Ileana Oquendo Graulau
                    Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Oficina del Comisionado de
Seguros de Puerto Rico
    Apelados

       vs.                            {AC-2007-14   APELACIÓN
                        Cons.     {AC-2007-17

Integrand Assurance Company         {AC-2007-18
    Apelantes

Carpets & Rugs Warehouses,
Inc. y Carpet Mart, Inc.
    Interventores


   OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓEPZ

      San Juan, Puerto Rico, a 22 de mayo de 2008

      En el día de hoy una mayoría de los integrantes del Tribunal --haciendo gala de su "mollero decisorio" e interpretando, a su manera, los términos claros de un estatuto-- resuelve que la Oficina del Comisionado de Seguros tiene plena autoridad y discreción para violentar el debido proceso de ley al no venir obligado el Comisionado a celebrar una vista administrativa que, precisamente, la ley orgánica de esa Oficina claramente incorporó a los procedimientos que se llevan a cabo ante ésta.

      Al así resolver, la Mayoría hace caso omiso del mandato contenido en los Artículos 14 y 15 del vigente Código Civil de Puerto Rico, y la

jurisprudencia interpretativa de los mismos, a los efectos de que "cuando la ley es clara y libre de toda ambigüedad, la letra de ella no debe ser menospreciada . . ." y que "las palabras de una ley deben ser generalmente entendidas en su más corriente y usual significación, . . .". Por otro lado, la Mayoría ignora, como si no existiera, la jurisprudencia que claramente establece que los derechos provistos por un estatuto forman parte del debido proceso de ley. Olivo Román v. Secretario de Hacienda, res. el 10 de marzo de 2005, 2005 TSPR 27; Colón Torres v. A.A.A., 143 D.P.R. 119 (1997). Veamos.

I

Los recursos hoy ante nuestra consideración plantean una misma controversia, a saber: si el Artículo 2.220 del Código de Seguros, 26 L.P.R.A. § 222, exige que el Comisionado de Seguros celebre una vista cuando una parte afectada, por una orden previamente emitida por el Comisionado, así la solicita. Esto es, si la Oficina del Comisionado de Seguros, por imperativo de ley, se encuentra impedida de resolver casos, como los aquí en cuestión, mediante el mecanismo de sentencia sumaria. Exponemos a continuación los hechos medulares de cada uno de los recursos presentados.

**AC-2007-14 - Oficina del Comisionado de Seguros v. Integrand Assurance Company**

A finales del 2005, Carpets & Rugs Warehouses, Inc. (Carpets) solicitó a la Oficina del Comisionado de Seguros (O.C.S.) una investigación en contra de Integrand Assurance Company (Integrand), por considerar que esta última no había atendido adecuadamente su reclamación bajo la póliza número CP7056076 para cubrir los daños ocasionados por un incendio en un edificio propiedad de Carpets. El 13 de octubre de 2005, la O.C.S. le notificó a Integrand el inicio de una investigación en su contra, con el fin de determinar si cometió alguna violación al Código de Seguros de Puerto Rico o su Reglamento. Se le ordenó, a su vez, que presentara una contestación a la orden de investigación dentro del término establecido. Según requerido, Integrand presentó su contestación aduciendo argumentos a su favor e impugnando la investigación en su contra.

Así las cosas, el 28 de marzo de 2006, la O.C.S. emitió una orden imponiéndole a Integrand una multa administrativa de $20,000 por alegadas violaciones a los Incisos 6 y 12 del Artículo 27.161 del Código de Seguros, 26 L.P.R.A. § 2716a, el Inciso 1 del Artículo 27.162 del Código de Seguros, 26 L.P.R.A. § 2716b, y a la Carta

Normativa N-I-4-52-2004.[5] En dicha orden, se le advirtió a

Integrand lo siguiente:

> [d]e no estar de acuerdo el Asegurador con la acción tomada, se le ADVIERTE de su derecho a solicitar vista sobre los pormenores de esta Orden, dentro del término de veinte (20) días, contado a partir de la fecha de notificación de la misma. Conforme al Artículo 2.220 (2) del Código de Seguros de Puerto Rico… la solicitud de vista deberá ser por escrito y deberá contener los fundamentos en que se basa tal solicitud. Se le advierte también al Asegurador de su derecho a comparecer a la vista asistido de abogado y traer consigo y someter toda la evidencia que considere necesaria para sostener sus alegaciones. **De solicitar vista dentro del término concedido, la acción tomada en el inciso**

---

[5] Los Incisos 6 y 12 del Artículo 27.161 del Código de Seguros disponen que: "[e]n el ajuste de reclamaciones ninguna persona incurrirá o llevará a cabo, cualquiera de las siguientes prácticas desleales: … (6) No intentar de buena fe de llevar a cabo un ajuste rápido, justo y equitativo de una reclamación de la cual surja claramente la responsabilidad. … (12) Rehusar transigir rápidamente una reclamación cuando clara y razonablemente surge la responsabilidad bajo una porción de la cubierta, con el fin de inducir a una transacción bajo otra porción de la cubierta de la póliza".

Por otra parte, el Inciso 1 del Artículo 27.162 del Código de Seguros dispone que: "[l]a investigación, ajuste y resolución de cualquier reclamación se hará en el período razonablemente más corto dentro de los primeros cuarenta y cinco (45) días después de haberse sometido al asegurador todos los documentos que fueren necesarios para disponer de dicha reclamación. Sólo cuando medien causas extraordinarias se podrá extender ese primer período, pero tal extensión nunca podrá exceder el término de noventa días (90) desde la fecha en que se sometió la reclamación. En aquellos casos en que el asegurador necesite un término adicional a los noventa (90) días, deberá así solicitarse por escrito al Comisionado veinte (20) días antes del vencimiento de dichos noventa (90) días, debiendo también notificarse de ello al reclamante. Si el Comisionado entendiera que la solicitud de tiempo adicional es irrazonable, sea porque la misma no está debidamente justificada o el tiempo adicional es excesivo, le notificará al asegurador que no procede dicha prórroga y que, por tanto, deberá disponer de la reclamación en el término reglamentario o dentro del término adicional que en dicha notificación se le concediera".

**1 y 2 del primer párrafo de este POR TANTO quedar[á]n sin efecto legal alguno y, en ese caso, este escrito tendrá únicamente la naturaleza de un pliego de imputaciones.** De no solicitar vista dentro del término concedido, se entenderá que el Asegurador renuncia a su derecho a ser oído, por lo que esta Orden dará lugar a una determinación final de la OCS. (Énfasis nuestro.)

Conforme a lo establecido en el Artículo 2.220 del Código de Seguros y a lo advertido por la O.C.S. en su orden, Integrand presentó una solicitud de vista administrativa. Posteriormente, la división legal de la propia O.C.S. presentó una solicitud de resolución sumaria ante el oficial examinador que había sido asignado al caso. Integrand se opuso oportunamente a dicha solicitud aduciendo, en lo pertinente, que el Artículo 2.220 del Código de Seguros ordena la celebración de una vista en su fondo en todas aquellas instancias en que una parte perjudicada por una orden del Comisionado la solicite. Ello, no obstante, el oficial examinador dejó sin efecto el señalamiento de la vista administrativa solicitada y, posteriormente, la Comisionada de Seguros emitió resolución sumaria, en la cual confirmó la orden previamente emitida en contra de Integrand.

De dicha determinación, Integrand acudió --mediante recurso de revisión judicial-- ante el Tribunal de Apelaciones. Adujo, en síntesis, que, al adjudicar el caso de manera sumaria, la Comisionada de Seguros le privó de su derecho estatutario a una vista en su fondo. Señaló que el lenguaje empleado por el legislador en el Artículo

2.220 del Código de Seguros no dejó espacio al ejercicio de la discreción administrativa, al establecer claramente que a solicitud de parte afectada el Comisionado "celebrará" una vista.

El Tribunal de Apelaciones <u>confirmó</u> la resolución sumaria de la Comisionada de Seguros. Entendió que no existían hechos materiales en controversia que impidiesen que la Comisionada resolviera sumariamente el caso ante su consideración.

Inconforme, Integrand acudió --mediante recurso de apelación-- ante este Tribunal. Aduce, en lo pertinente, que el foro apelativo intermedio erró:

> … al dictaminar que no incidió en error la O.C.S. al disponer de la controversia que tenía ante sí sin reconocerle a Integrand su derecho estatutario a una vista administrativ[a], según reconocido por el Artículo 2.220 del Código de Seguros.

**AC-2007-17 – Comisionado de Seguros de Puerto Rico v. American International Insurance Company of Puerto Rico**

El 15 de noviembre de 1999 Carmen R. Santos González solicitó la intervención de la O.C.S. en su reclamación por daños en contra de la Universidad de Puerto Rico, por entender que la compañía aseguradora de la Universidad había denegado, erróneamente, la cubierta luego de haber transcurrido alegadamente 18 meses desde el inicio de la reclamación. Tras varios trámites de rigor, el 19 de julio de 2005, la O.C.S. emitió una orden en contra de American International Insurance Company (AIICO) --compañía

aseguradora-- y Underwriters Adjustment Company, Inc. (Underwriters) --ajustador independiente-- imponiéndole a cada una $1,000 de multa por alegadas violaciones al Artículo 27.162 (1) del Código de Seguros, ante. En dicha orden se le advirtió a AIICO y a Underwriters de su derecho a solicitar vista e, _igualmente_, se les informó que, de solicitar vista dentro del término concedido, la acción tomada en contra de ellos quedaría sin efecto legal alguno y la orden emitida tendría únicamente la naturaleza de un pliego de imputaciones.

Ante ello, AIICO y Underwriters solicitaron el señalamiento de una vista administrativa al amparo del Artículo 2.220 del Código de Seguros. Conforme a lo solicitado, el Oficial Examinador de la O.C.S. señaló una vista administrativa para el 20 de diciembre de 2005.

Posteriormente, la división legal de la O.C.S. presentó una moción de resolución sumaria. El oficial examinador emitió una resolución interlocutoria dejando sin efecto el señalamiento de la vista administrativa y le concedió término a AIICO y a Underwriters para que presentaran su posición en torno a la moción de resolución sumaria. AIICO y Underwriters comparecieron y se opusieron a dicha solicitud señalando que el Artículo 2.220 del Código de Seguros otorga el derecho absoluto a una vista administrativa.

Tras varios incidentes procesales, el 9 de agosto de 2006, el Sub-Comisionado de Seguros emitió resolución

sumaria. En ésta, confirmó la orden previamente emitida en contra de AIICO y Underwriters. De dicha determinación, AIICO acudió ante el Tribunal de Apelaciones aduciendo que, mediante la resolución sumaria del caso, se le privó de su derecho estatutario a una vista administrativa.

El Tribunal de Apelaciones <u>confirmó</u> la resolución sumaria dictada por el Sub-Comisionado de Seguros. Señaló en su sentencia que AIICO no controvirtió de forma detallada y específica la solicitud de resolución sumaria presentada por la O.C.S. y que se limitó a argumentar la inaplicabilidad de dicho mecanismo a los procedimientos ante la O.C.S..

Inconforme, AIICO acudió --mediante recurso de apelación-- ante este Tribunal. Alega, en lo pertinente, que el foro apelativo intermedio incidió:

> … al establecer que la O.C.S. podía emitir su Resolución en forma sumaria y sin la previa celebración de una vista adjudicativa, no obstante, el mandato ministerial contenido en la ley habilitadora de la O.C.S., en cuanto al deber de celebrar una vista adjudicativa y la solicitud realizada a estos efectos por la aseguradora AIICO.

**AC-2007-18 – Oficina del Comisionado de Seguros v. American International Insurance Company**

El 5 de agosto de 2003 el licenciado Edgardo Santiago Lloréns solicitó de la O.C.S. que investigara el proceso de ajuste y resolución de la reclamación presentada por éste en representación de su cliente Jessica Rivera ante American International Insurance Company (AIICO), por los

daños sufridos por Rivera al tropezar con las raíces de un árbol en las facilidades del Recinto Metropolitano de la Universidad Interamericana. En su solicitud, Santiago Lloréns señaló que entendía que AIICO --compañía aseguradora de la Universidad Interamericana-- había violado la ley al alegadamente haber transcurrido más de 45 días sin que se notificara resolución alguna respecto a la reclamación.

La O.C.S. ordenó la investigación solicitada y tras la comparecencia de AIICO para argumentar su posición, la Comisionada Auxiliar emitió orden imponiéndole a AIICO una multa administrativa de $1,500 por alegadas violaciones a los Artículos 27.162 (1), ante, y 27.040 (5) del Código de Seguros, 26 L.P.R.A. § 2704 (5)[6]. En dicha orden --al igual que en las emitidas por la O.C.S. en los recursos previamente señalados-- se le advirtió a AIICO de su derecho a solicitar vista y se le informó que, de solicitar vista dentro del término establecido, la acción tomada en su contra quedaría sin efecto y la orden tendría únicamente la naturaleza de un pliego de imputaciones.

AIICO solicitó, entonces, la celebración de una vista administrativa. La oficial examinadora de la O.C.S. señaló la vista administrativa para el 1 de febrero de 2006.

---

[6] El Artículo 27.040 (5) del Código de Seguros dispone que: "[n]inguna persona hará o divulgará oralmente o de alguna otra manera ningún anuncio, información, asunto, declaración o cosa que: … (5) Contenga una aseveración, representación o declaración falsa, falaz o engañosa con respecto al negocio de seguros o con respecto a una persona en el manejo de su negocio de seguros".

Posteriormente, la división legal de la O.C.S. presentó una moción de resolución sumaria y, en atención a ésta, la oficial examinadora dejó sin efecto la vista señalada y le concedió término a AIICO para que expusiera su posición en relación a la resolución sumaria solicitada. AIICO se opuso aduciendo, en lo pertinente, que el Código de Seguros proscribe el uso de la sentencia sumaria. Ello, no obstante, la Comisionada de Seguros emitió resolución sumaria confirmando la multa administrativa previamente impuesta en contra de AIICO mediante orden.

De dicha determinación, AIICO acudió ante el Tribunal de Apelaciones. Adujo, en síntesis, que la Comisionada de Seguros erró al resolver sumariamente el caso, privándole así de su derecho a una vista administrativa.

El foro apelativo intermedio revocó la resolución sumaria de la Comisionada de Seguros. Señaló en su sentencia que el Artículo 2.220 obliga al Comisionado o Comisionada a celebrar una vista si la parte afectada por una orden la solicita y que en modo alguno autoriza a la agencia a dispensarse de reconocer ese derecho fundamental. Conforme a ello, ordenó la devolución del caso a la O.C.S. para la celebración de la vista administrativa solicitada por AIICO.[7]

---

[7] La O.C.S. presentó una moción de reconsideración ante el Tribunal de Apelaciones. El Tribunal de Apelaciones emitió una resolución, en la cual denegó dicha moción y expuso nuevos fundamentos a favor de su determinación.

Inconforme, la O.C.S. acudió --mediante recurso de apelación-- ante este Tribunal. Aduce, en lo pertinente, que el foro apelativo intermedio incidió:

> … al resolver que el Artículo 2.220 del Código de Seguros obliga a la Oficina del Comisionado de Seguros a celebrar las vistas administrativas allí dispuestas siempre que las personas perjudicadas así lo soliciten, aun en los casos en los que no existen controversias reales sobre sus hechos.

El 16 de marzo de 2007 emitimos Resolución en la cual ordenamos la consolidación y expedición de los tres recursos presentados.

II

Es norma reiterada en nuestra jurisdicción que, como regla general, las Reglas de Procedimiento Civil no aplican automáticamente a los procedimientos administrativos. Otero Mercado v. Toyota, res. el 3 de febrero de 2005, 2005 TSPR 8; Pérez Vélez v. VHP Motors Corp., 152 D.P.R. 475 (2000). Es por ello que la aplicación de una u otra regla dependerá, en primera instancia, de lo que dispongan al respecto la Ley de Procedimiento Administrativo Uniforme y la ley habilitadora de la agencia. En ausencia de disposiciones específicas en los estatutos antes mencionados, hemos resuelto que las Reglas de Procedimiento Civil podrán utilizarse en procesos administrativos cuando propicien la solución justa, rápida y económica de la controversia y no obstaculicen la flexibilidad, agilidad y sencillez de los

procedimientos administrativos. <u>Otero Mercado v. Toyota</u>, ante; <u>Berríos Rodríguez v. Comisión de Minería</u>, 102 D.P.R. 228 (1974).

En lo pertinente a la controversia ante nos, la Sección 3.7 (b) de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. § 2157(b), dispone, en lo pertinente, que:

> (b) Si la agencia determina a solicitud de alguna de las partes y luego de analizar los documentos que acompañan la solicitud de orden o resolución sumaria y los documentos incluidos con la moción en oposición, así como aquéllos que obren en el expediente de la agencia, que no es necesario celebrar una vista adjudicativa, podrá dictar órdenes o resoluciones sumarias, ya sean de carácter final, o parcial resolviendo cualquier controversia entre las partes, que sea separable de las controversias, **excepto en aquellos casos donde la Ley Orgánica de la Agencia disponga lo contrario**.[8] (Énfasis nuestro.)

Por otra parte, el Código de Seguros de Puerto Rico es el cuerpo legal que regula el derecho de seguros en nuestra jurisdicción, incluyendo la figura del Comisionado de Seguros, sus deberes, facultades y los procedimientos a

---

[8] Mediante la Ley Núm. 299 de 26 de diciembre de 2006 se enmendó la Sección 3.7 de la Ley de Procedimiento Administrativo Uniforme para facultar a las agencias administrativas a dictar órdenes y resoluciones sumarias. En los recursos aquí en cuestión, la O.C.S. emitió las resoluciones sumarias previo a que se decretara esta enmienda. No obstante, debido al resultado al que llegamos, resulta innecesario discutir si antes de esta enmienda las agencias administrativas se encontraban o no facultadas para emitir órdenes o resoluciones sumarias, bajo la doctrina general que permite la aplicación de las Reglas de Procedimiento Civil a los procedimientos administrativos siempre que propicien la solución justa, rápida y económica de la controversia y no obstaculicen la flexibilidad, agilidad y sencillez de los procedimientos administrativos.

su disposición para descargar sus responsabilidades, entre éstos, las vistas administrativas. Al respecto, el antes mencionado Artículo 2.220 del Código de Seguros, ante, dispone que:

Vistas

(1)  El Comisionado **celebrará** las siguientes:
    (a)  Vistas requeridas por disposición de este titulo.
    (b)  Vistas consideradas necesarias por el Comisionado para fines que caigan dentro del alcance de este título.
    (c)  **Vistas solicitadas por cualquier persona perjudicada por algún acto, informe, promulgación, regla, reglamento u orden del Comisionado**.

(2) Toda solicitud para una vista deberá ser por escrito, deberá especificar los extremos en que la persona que la solicita ha sido perjudicada y los fundamentos en que habrá de basar su solicitud. **El Comisionado celebrará la vista así solicitada dentro de sesenta días después de recibir la solicitud, a menos que se posponga de común acuerdo**. (Énfasis nuestro.)

III

Según previamente expuesto, nos corresponde resolver si el transcrito Artículo 2.220 del Código de Seguros exige que el Comisionado de Seguros celebre una vista, cuando una parte afectada por una orden suya así la solicita.

Luego de un detenido examen de las disposiciones legales en controversia, somos del criterio que el Artículo 2.220 establece claramente que el Comisionado de Seguros tiene que celebrar una vista administrativa cuando una parte afectada por una orden la solicita

oportunamente; ello por razón de que el lenguaje utilizado no da margen a una interpretación distinta.

Sabido es que el Artículo 14 del Código Civil, 31 L.P.R.A. § 14, específicamente dispone que "[c]uando la ley es clara y libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu". A su vez, el Artículo 15 del Código Civil, 31 L.P.R.A. § 15, expresa que "[l]as palabras de una ley deben ser generalmente entendidas en su más corriente y usual significación, sin atender demasiado al rigor de las reglas gramaticales, sino al uso general y popular de las voces".

En el presente caso, la propia Ley establece que el Comisionado "celebrará" la vista adjudicativa solicitada por la parte afectada por una orden. Ello, en el uso corriente, general y usual de las palabras, significa un mandato sobre el cual el Comisionado no tiene discreción alguna. En ningún momento el legislador utilizó el vocablo "podrá" u otro similar que nos permita interpretar lo contrario.

Tan es así que la propia O.C.S. dispuso en las órdenes que emitiera en los casos de epígrafe que la mera solicitud de una vista administrativa dentro del término concedido --que a su vez cumpla con los requisitos de forma establecidos en el Inciso 2 del Artículo 2.220-- provoca o tiene la consecuencia de dejar sin efecto la orden emitida y que ésta se convierta en un pliego de

imputaciones. Ello es evidencia contundente de que, incluso, el propio Comisionado de Seguros entiende que la celebración de la vista administrativa solicitada por la parte afectada es una obligación o mandato legal. Nótese que los efectos de la solicitud de una vista administrativa se condicionan, únicamente, a la presentación oportuna de una solicitud por la parte afectada y no a que el Comisionado ejerza su discreción respecto a la concesión, o no, de la referida solicitud.

Aun cuando la Ley de Procedimiento Administrativo Uniforme faculta a las agencias a resolver sumariamente sus controversias y que dicha Ley es aplicable a los procedimientos adjudicativos ante la O.C.S.[9], la propia Ley de Procedimiento Administrativo Uniforme indica <u>que dicha facultad no aplica a las agencias cuya ley habilitadora disponga lo contrario</u>. Aquí, conforme a lo antes expuesto, la ley habilitadora de la O.C.S. <u>prohíbe</u> que se utilice el mecanismo de resolución sumaria cuando una parte afectada, por una orden previamente emitida por el Comisionado, solicita oportunamente una vista administrativa.

En su alegato ante este Tribunal, la O.C.S. nos señala que el Inciso 2 del Artículo 2.220 del Código de Seguros requiere que la parte afectada fundamente su

---

[9] Mediante el Reglamento 5330 de 14 de noviembre de 1995 se dispuso que "cualquier asunto relativo a los procedimientos administrativos que se lleven a cabo en la Oficina del Comisionado de Seguros de Puerto Rico que no esté provisto bajo la Regla IA será dirimido a tenor con la Ley de Procedimiento Administrativo Uniforme, según enmendada,… y conforme a la jurisprudencia aplicable".

solicitud de vista y que ello sugiere que el Comisionado no está obligado a celebrar la vista solicitada. No nos persuade. Ante el mandato claro que conlleva el uso del vocablo "celebrará", las reglas de hermenéutica legal <u>no</u> nos facultan a interpretar que el requisito de fundamentar la solicitud equivale a que el Comisionado tiene la discreción de denegar la vista solicitada. No podemos darle a dicho requisito otro calificativo que no sea el de un requisito de forma, más cuando el legislador —luego de exponer que la solicitud debe estar fundamentada— acto seguido dispuso que "[e]l comisionado **celebrará la vista así solicitada** dentro de sesenta días después de recibir la solicitud, a menos que se posponga de común acuerdo".

Dicho de otra manera, el que se exija que la solicitud se presente por escrito dentro del término concedido y que en ella se expongan los extremos en que la persona que la solicita ha sido perjudicada y los fundamentos en que basa su solicitud, son meramente <u>requisitos de forma</u> que la parte interesada tiene que cumplir para que se entienda oportunamente presentada la solicitud de vista. El requerir que se fundamente la solicitud facilita la función del Comisionado de Seguros, quien mediante la lectura de dicha solicitud conocerá los extremos de las controversias que serán planteadas, discutidas y resueltas en la vista administrativa.[10]

---

[10] La O.C.S. también nos señala que el Artículo 2.260 del Código de Seguros, el cual se promulgó previo a la aprobación de la Ley de Procedimiento Administrativo

Por otra parte, y como expresáramos al comienzo, cuando por estatuto se concede un derecho a la ciudadanía, éste entra a formar parte del debido proceso de ley. <u>Olivo Román</u> v. <u>Secretario de Hacienda</u>, ante. Siendo ello así, lo no observancia de dicho derecho constituye una violación al derecho constitucional al debido proceso de ley. <u>Colón Torres</u> v. <u>A.A.A.</u>, ante. Es por ello que coincidimos con las expresiones hechas por el tribunal apelativo intermedio en la sentencia emitida en el recurso AC-2007-18, a los efectos de que:

> … la ley habilitadora de la O.C.S. autorizó la adjudicación sumaria de asuntos, sin vista

---

Uniforme, el cual establece un procedimiento de apelación, ahora enmendado por la Ley de Procedimiento Administrativo Uniforme, dispone que: "(1) [l]a apelación procederá únicamente contra una resolución del Comisionado emitida en un asunto en el que hubiere concedido vista, o de una orden del Comisionado denegando la vista". La O.C.S. alega que de dicha disposición --la cual fue aprobada junto con el Artículo 2.220 y que aún es la fuente sustantiva de autoridad para determinar qué determinaciones son revisables mediante recurso de revisión judicial-- surge que las solicitudes de vista pueden ser denegadas, pues procedía una apelación, ahora revisión judicial, de una orden denegando la vista.

Es cierto que dicha disposición sugiere que el Comisionado puede denegar vistas. No obstante, una interpretación armoniosa del Artículo 2.260 y del Artículo 2.220 indica que la facultad de denegar una vista se refiere, <u>únicamente</u>, al sub Inciso (b) del Artículo 2.220, el cual dispone que el Comisionado celebrará las vistas que **<u>considere</u>** necesarias. Como es de notar, el sub Inciso (b) es el <u>único</u> que mediante el uso del vocablo "considere" le otorga discreción al Comisionado en cuanto a la concesión de una vista. Los otros dos sub incisos, mediante los cuales se dispone que el Comisionado celebrará las vistas requeridas por el Código de Seguros y las vistas solicitadas por la parte afectada por un acto, informe, regla, reglamento u orden del Comisionado, <u>no dejan margen para la discreción, por lo cual, las vistas bajo estos dos incisos son mandatorias</u>.

previa, [pero] si la parte afectada por esas adjudicaciones lo solicita, el Art. 2.220 <u>obliga</u> al Comisionado o Comisionada de Seguros a celebrar una vista formal en 60 días. Esa vista <u>no</u> es discrecional. La Ley no autoriza a la agencia a dispensarse de reconocer ese derecho fundamental, sólo puede hacerlo si la parte afectada concuerda con su posposición o dispensa. Se contempla, pues la acción sumaria, pero seguida de una vista formal, si se solicita. <u>No se contempla en modo alguna otra acción sumaria, posterior a la primera</u>. Que una agencia fiscalizadora adjudique y después presente una moción de resolución sumaria para negarle a una parte el día en corte que está reclamando, <u>sería contrario al derecho constitucional, específicamente cuando se afectan derechos propietarios o libertarios de las personas</u>. (Énfasis suplido.)

En fin, <u>resolveríamos</u> que el Artículo 2.220 del Código de Seguros exige que el Comisionado de Seguros celebre una vista administrativa cuando una parte afectada por una orden la solicita oportunamente. Esto es, una vez solicitada oportunamente una vista administrativa por la parte afectada por una orden sumaria previamente emitida por el Comisionado, éste tiene que celebrar la vista solicitada y no podrá recurrir al mecanismo de resolución sumaria para resolver el asunto planteado ante su consideración.

Resolver lo contrario sería avalar una actuación que transgrede las disposiciones de la ley habilitadora de la O.C.S., la cual delimita el ámbito de acción de dicha agencia y del debido proceso de ley.

Tomando en consideración lo antes expuesto, resulta forzoso concluir que en los tres recursos aquí en cuestión la O.C.S. privó a las respectivas compañías aseguradoras de su derecho a una vista administrativa.

En cada uno de los recursos presentados, se hizo caso omiso de las solicitudes de vista oportunamente presentadas por las compañías aseguradoras y se procedió a resolver sumariamente la controversia, luego de que la O.C.S. emitiese órdenes en contra de éstas imponiéndoles multas administrativas por alegadas violaciones a distintas disposiciones del Código de Seguros. Dicha actuación fue contraria al mandato claro del Artículo 2.220 del Código de Seguros, el cual, según previamente resuelto, exige que el Comisionado de Seguros celebre una vista administrativa si una parte afectada por una orden la solicita oportunamente.

Siendo así, procedería que se devuelvan los casos a la O.C.S. para que dicha agencia celebre las vistas administrativas solicitadas por las distintas compañías aseguradoras.[11]

V

En mérito de lo antes expuesto, dictaríamos Sentencia revocatoria de los casos AC-2007-14 y AC-2007-17 y confirmatoria del caso AC-2007-18, y los devolveríamos a

---

[11] Debido al resultado que proponemos, resulta innecesario discutir los demás señalamientos de error, en los cuales las partes discuten la inexistencia o existencia de hechos materiales en controversia.

la Oficina del Comisionado de Seguros para que se celebren las vistas administrativas solicitadas. Es por ello que disentimos.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado